| | |
|---|---|
| AMANDA COSGROVE, | |
| Petitioner, | |
| v. | CIVIL ACTION NO.: CV512-035 |
| | Case No.: CR508-016 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Amanda Cosgrove ("Cosgrove"), an inmate currently incarcerated at Arrendale State Prison in Alto, Georgia, filed an action pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss. Cosgrove filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Cosgrove pled guilty to one count of Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951. United States v. Cosgrove, CR508-016, Doc. No. 198, p. 1 (S.D. Ga.). She was sentenced to 97 months' imprisonment. Id. at p. 2. Cosgrove filed the instant Motion arguing that Title 18 of the United States Code is not valid law. Cosgrove also contends that her state sentence, which was imposed after her federal sentence, should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing." (Doc. No. 1, p. 1). Additionally, Cosgrove claims that her lawyer in her criminal case was ineffective for failing to advise her of any post-conviction relief

available to her and for failing to file a direct appeal. Cosgrove states that she has no criminal history, that confinement is causing her health to deteriorate, and that she has a supportive network of family and friends who can submit letters to the Court. Respondent contends that Cosgrove's Motion should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

A § 2255 motion is subject to a one-year period of limitation, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation period began to run, as to Cosgrove, on the date on which the judgment of her conviction became final.[1] The judgment in Cosgrove's criminal case was imposed on March 22, 2010, and entered on March 24, 2010. United States v. Cosgrove, CR508-016, Doc. No. 198, p. 1. Cosgrove did not file a direct appeal, so the judgment of conviction became final 14 days later, on April 7, 2010, upon the expiration of the time to appeal. See FED. R. APP. P. 4(b)(1)(A) & 26 (2010 ed.); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). The one-

---

[1] Cosgrove does not argue that she was prevented from making a motion by governmental action in violation of the Constitution or laws of the United States. Cosgrove also does not argue that a right newly recognized by the Supreme Court applies to her. Finally, Cosgrove does not argue that newly discovered facts support her claims.

AO 72A
(Rev. 8/82)

year period for Cosgrove to file a timely § 2255 motion ended on April 6, 2011. Cosgrove filed the instant Motion on May 11, 2012,[2] (Doc. No. 1), more than one year after the statutory limitation period ended and more than two years after the judgment of conviction in her criminal case became final. Cosgrove's § 2255 Motion is timely only if the one-year limitation period was tolled.

The § 2255 one-year limitation period is subject to equitable tolling. Akins, 204 F.3d at 1089. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Id. (internal punctuation and citation omitted). The Court of Appeals for the Eleventh Circuit has held that transfer between facilities and any accompanied lack of access to legal papers are not extraordinary circumstances justifying equitable tolling. Dodd v. United States, 365 F.3d 1273, 1282–83 (11th Cir. 2004). The Eleventh Circuit has also held that denial of access to a law library does not constitute extraordinary circumstances. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007).[3] Additionally, attorney negligence does not justify equitable tolling. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).[4]

In her Response, Cosgrove does not specifically argue that the statute of limitations is subject to equitable tolling as to her, but construing her Response liberally, Cosgrove possibly makes that argument. Cosgrove states that she was not informed of

---

[2] The postmark date on the envelope appears to be either April 23, 2012, or April 25, 2012. However, even if Cosgrove's Motion was executed on April 23, 2012, it is still untimely by more than one year.

[3] Paulcin's petition was filed pursuant to 28 U.S.C. § 2254; therefore, the applicable statute of limitations was 28 U.S.C. § 2244(d). "[C]ases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." Jones v. United States, 304 F.3d 1035, 1038 n.4 (11th Cir. 2002) (internal punctuation and citation omitted).

[4] The statute of limitations applicable to Steed's petition was 28 U.S.C. § 2244(d).

3

her post-conviction rights and the availability of any post-conviction remedies. To the extent that she is arguing that the limitation period should be tolled due to attorney negligence, her argument is foreclosed by Steed.[5] Cosgrove also states that her several transfers among prisons precluded her access to paperwork. Finally, Cosgrove states that she did not have access to legal information, which she needed because she has no knowledge of federal law, until April or May 2012. Cosgrove's arguments for equitable tolling based on lack of access to her paperwork and to legal information are foreclosed by Dodd and Paulcin, respectively. Cosgrove's Motion is not subject to equitable tolling and is, therefore, time-barred.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Cosgrove's Motion be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[5] Cosgrove asserts mere negligence on the part of her attorney. She does not assert that her attorney deliberately misled her or engaged in misconduct that would lead to a finding of "extraordinary circumstances" under § 2255. See Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008), for examples of attorney misconduct that constitute extraordinary circumstances.

4