IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

AMANDA COSGROVE,

    Petitioner,

v.

    CIVIL ACTION NO.: CV512-035

    Case No.: CR508-016

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Amanda Cosgrove ("Cosgrove"), an inmate currently incarcerated at Arrendale State Prison in Alto, Georgia, filed an action pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss asserting that Cosgrove's § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 motion") was untimely. In a Report dated August 6, 2012, the undersigned recommended that Respondent's Motion to Dismiss be granted. Cosgrove filed Objections to the August 6, 2012, Report. For the reasons which follow, the August 6, 2012, Report is **vacated**.

In the relevant Report, the undersigned determined that "[t]he one-year period for Cosgrove to file a timely § 2255 motion ended on April 6, 2011." (Doc. No. 11, pp. 2–3). The undersigned also determined that because Cosgrove filed her § 2255 motion on May 11, 2012, it should be dismissed as untimely. (Id. at 3–4).

In her Objections, Cosgrove informed the Court that she first filed a motion attacking her sentence on December 17, 2010, and a second motion attacking her sentence on the same basis on March 28, 2011. A review of the docket sheet in

Cosgrove's criminal case shows that she filed a post-judgment "Motion to Dismiss" on December 17, 2010, and a second post-judgment "Motion to Dismiss" on March 28, 2011. (CR508-016, Doc. Nos. 223 and 224). In both motions, Cosgrove argues that her criminal case should be "dropped," "dismissed," "reversed," or "removed" and that she should be released from custody because Title 18 of the United States Code is not valid law. The Government filed a Response in Opposition to Cosgrove's "motions to dismiss" on April 13, 2011. (CR508-016, Doc. No. 226). In that response, the Government argues that there is no such thing as a motion to dismiss a prison sentence and that Cosgrove's "motions to dismiss" could properly be construed as motions brought pursuant to § 2255. No action was ever taken by the Court on either of Cosgrove's "motions to dismiss."

Cosgrove's "motions to dismiss," (CR508-016, Doc. Nos. 223 and 224), will be recharacterized as a § 2255 motion. Cosgrove's § 2255 motion, (Doc. No. 1 and CR508-016, Doc. No. 231), will be considered an amendment to her § 2255 motion. The three (3) documents now collectively make up Cosgrove's "§ 2255 Motion."

"[T]his recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Castro v. United States, 540 U.S. 375, 383 (2003). To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). Because any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, Cosgrove may amend her § 2255 Motion "so that it contains all the § 2255 claims [s]he believes [s]he has." Castro, 540 U.S. at 383. Cosgrove is **ordered** to file any desired amendment to her § 2255 Motion within twenty (20) days of the date of this Order.

As previously stated, in her "motions to dismiss," which are now construed as a § 2255 motion, Cosgrove argues that her conviction and sentence should be vacated because Title 18 of the United States Code is not valid law. In her § 2255 motion, which is now considered an amendment to her timey § 2255 motion, Cosgrove argues that Title 18 of the United States Code is not valid law; that her state sentence, which was imposed after her federal sentence, should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing;" and that her lawyer in her criminal case was ineffective for failing to advise her of any post-conviction relief available to her and for failing to file a direct appeal. (See Doc. Nos. 1 and 11).

Respondent is **ordered** to file a Response to Cosgrove's § 2255 Motion, as amended. Respondent should address the timeliness of the two (2) arguments brought in the amendment to Cosgrove's § 2255 Motion: that her state sentence, which was

3

imposed after her federal sentence, should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing;" and that her lawyer in her criminal case was ineffective for failing to advise her of any post-conviction relief available to her and for failing to file a direct appeal. Respondent should also address the merits of all three (3) arguments brought in support of Cosgrove's § 2255 Motion. If Cosgrove chooses to amend her § 2255 Motion as allowed by this Order, Respondent should address the timeliness of and the merits of any new arguments brought. Respondent shall file its Response within twenty (20) days of the filing of any amendment Cosgrove chooses to file as allowed by this Order; or, if Cosgrove does not file an amendment as allowed by this Order, Respondent shall file its Response within twenty (20) days of the deadline for Cosgrove to file such an amendment.

SO ORDERED, this 6th day of September, 2012.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE